**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey H. Slepian, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pink Jeep Tours, LLC, an Arizona limited liability company, Pink Adventure Holdings, LLC, an Arizona limited liability company, Herschend Adventure Holdings, LLC, a Georgia limited liability company,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Geoffrey H. Slepian ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants Pink Jeep Tours, LLC, Pink Jeep Adventure Holdings, LLC, and Herschend Adventure Holdings, LLC (collectively "Pink Jeep" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Arizona wage laws, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-363 *et seq.* (collectively the "Arizona Wage Statute").

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of himself and all other similarly situated non-exempt employees employed as Guides by Defendant within the State of Arizona who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek and unpaid minimum wage, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of similarly situated non-exempt employees employed as Guides by Defendant within the State of Arizona, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq*. and A.R.S. § 23-362 *et seq*.

**JURISDICTION AND VENUE**

3. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact; the state law claims will not substantially dominate over the FLSA claim; and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

8. Plaintiff and the other similarly situated hourly employees employed by Defendant as Guides are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), A.R.S. § 23-362(A), and are non-exempt employees and/or employees entitled to unpaid wages, overtime, and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, and A.R.S. § 23-362.

9. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

10. At all relevant times, Defendant employed Guides as non-exempt employees paid by Defendant on an hourly basis in Arizona, including Plaintiff Geoffrey H. Slepian.

11. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## PARTIES

12. Defendant Pink Jeep Tours Arizona, LLC is an Arizona limited liability company that does business as a guided recreational jeep tour company in Arizona.

13. Defendant Pink Adventure Holdings, LLC is an Arizona limited liability company that does business as a guided recreational jeep tour company in Arizona.

14. Defendant Herschend Adventure Holdings, LLC is a Georgia limited liability company that does business as a guided recreational jeep tour company in Arizona.

15. Defendants Pink Jeep Tours Arizona, LLC, Pink Adventure Holdings, LLC, and Herschend Adventure Holdings, LLC jointly employ Plaintiff and similarly situated Guides to provide guided recreational jeep tour guides in Arizona, and they set the Guides' compensation and employment policies, pay their compensation, and control the day-to-day operations of the Pink Jeep tour business and employment of Guides in Arizona.

16. Plaintiff Geoffrey H. Slepian was, at all relevant times, an individual residing in Sedona, Arizona in Yavapai County and is employed as a Guide for Pink Jeep there.

17. At all relevant times, Plaintiff Slepian was employed by Pink Jeep as a Guide, which is a non-exempt position that most recently paid an hourly rate of $16.90 per hour for regular hours and $14.00 per hour for preparation hours worked.

18. Plaintiff Slepian's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**, opting him into this action to pursue unpaid overtime and minimum wage under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff Slepian brings Counts I and II, the FLSA unpaid overtime claim and FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees of Defendant:

> All hourly employees of Pink Jeep who worked as Guides in Arizona during the last three years, regardless of actual title ("Off-the-Clock Collective Action Members").

20. Plaintiff, on behalf of himself and all other similarly situated hourly, non-exempt employees who worked as Guides for Pink Jeep in Arizona during the last three years, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime and the minimum wage for all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

21. Plaintiff is similarly situated to the Off-the-Clock Collective Action Members because they all are subject to similar payroll policies and procedures. Defendant requires the similarly situated Off-the-Clock Collective Action Members to work overtime but fails to pay them the overtime rate of one and one half their regular hourly rate of pay for all hours worked over forty in a workweek, including hours they are required to work off the clock. Defendant also requires the similarly situated Off-the-Clock Collective Action

members to work hours for which they are not paid, causing their wages to fall below the minimum wage required by law. The Off-the-Clock Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices and are subject to similar pay practices and job duties.

22.  Defendant's overtime and minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Off-the-Clock Collective Action Members regularly were not paid the proper overtime and minimum wage.

23.  Plaintiff and the Off-the-Clock Collective Action Members performed the same or similar job duties as Guides. Moreover, they regularly worked more than forty hours in a workweek and were required to work off the clock without receiving proper overtime wages. The requisite off the clock work they performed also resulted in their wages routinely falling below the minimum wage. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

24.  Defendant's failure to pay overtime and minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other non-exempt hourly employees employed by Defendant as Guides.

25.  The Off-the-Clock Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty per workweek and the minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

26.  Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the

1 practice of wage and hour law and class and collective action litigation.  Plaintiff has no
2 interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

4   27.   Plaintiff brings Counts III and IV, the Arizona Wage Statute claims, pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3) on behalf of himself and the following persons:

> All hourly employees who worked as Guides for Pink Jeep in Arizona during the last three years, regardless of actual title ("Guides" or "Arizona Class Members").

28.   Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

29.   Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action.  The Arizona Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty Arizona Class Members.

30.   Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members.  Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

> a.   whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;
>
> b.   whether Defendant owes the Arizona Class Members wages in exchange for all work performed;
>
> c.   whether Defendant owes the Arizona Class Members the minimum wage; and

d.   whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

31.   Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

32.   The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

33.   A class action is appropriate for the fair and efficient adjudication of this controversy.  Defendant acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

34.   Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

**STATEMENT OF FACTS**

35.   The Off the Clock Collective Action Members and Arizona Class Members are collectively referred to as Guides.

36.   Pink Jeep is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

37. Pink Jeep provides off-road excursions throughout the United States and was founded in Sedona, Arizona in 1960.

38. Pink Jeep hires Guides to provide Jeep tours for Pink Jeep's patrons, including in Sedona, Arizona and at the Grand Canyon in Arizona.

39. Plaintiff was hired by Pink Jeep as a non-exempt Guide paid on an hourly basis in August 2018 until March 2020. Plaintiff was then re-hired by Pink Jeep as a non-exempt Guide paid on an hourly basis from around June 2021 until May 2023, at which time Plaintiff, in agreement with Pink Jeep, was granted permission to take the summer season off and then return to his position as a Guide.

40. Plaintiff was employed as a non-exempt, hourly employee working as a Guide.

41. At all relevant times, Plaintiff was paid an hourly rate for his work as a Guide. During Plaintiff's most recent tenure, Plaintiff's regular hourly rate was $16.90 per hour, which included tour time, and his hourly rate was $14.00 per hour for work he is required to complete in preparation for completing a tour.

42. The Guides are subject to uniform compensation policies and practices regarding their compensation. These policies and practices are dictated by Pink Jeep through corporate documents distributed to the Guides, including written policies regarding Pink Jeep's employment and compensation policies applicable to the Guides.

43. While Plaintiff's job duties frequently required him to work in excess of forty hours per workweek, he was routinely denied the overtime rate of time and a half for all the overtime he worked.

44. Pink Jeep also routinely failed to pay Plaintiff for all the hours he worked, resulting in unpaid straight time, unpaid overtime, and unpaid minimum wage.

45. Pink Jeep had a policy and practice of requiring Guides like Plaintiff to work off the clock.

46. For example, Plaintiff is routinely required to be "on point," including being physically present at the Pink Jeep site, so that he can be available for a potential tour in the

1  event that a customer books one. Guides are required to constantly monitor their schedules
2  to ensure that a tour can always be staffed with a Guide. When the Guide is "first point" or
3  "second point," they typically remain on site for about 15 minutes at the start of each hour
4  throughout the day.

5        47.    Pursuant to written Pink Jeep policy, regardless of a Guide's status on the
6  schedule, the Guide is required to be on site at the start of each hour to be available to staff
7  a tour that may be booked close in time to the departure hour. All Guides, regardless of
8  their placement on point, should "check in often," "assume they have to be back," and be
9  available to staff a tour at a moment's notice. As a result of these requirements, Guides
10 cannot complete personal tasks when they are on point and they are engaged to wait so they
11 are ready to take a tour immediately upon one being booked each hour. The Guides have
12 not agreed that such time is non-compensable.

13       48.    Guides like Plaintiff are engaged to wait throughout the year without
14 compensation for this "on point" time. During the busier seasons in March, April, and
15 October, more tours are booked, so guides are more frequently transitioned from waiting on
16 point at the Pink Jeep location without pay to staffing a tour. During the busier months,
17 Plaintiff spends at least about three hours engaged to wait "on point" without compensation
18 during the typical week, including time at the Pink Jeep location where he is engaged to
19 wait "on point" for a potential tour. During the slower seasons such as summer, Plaintiff
20 spends at least about twelve hours engaged to wait "on point" during the typical week, often
21 at the Pink Jeep site where he is required to be engaged to wait "on point."

22       49.    In addition, Guides like Plaintiff are routinely required to work off the clock
23 without compensation when they complete mandatory equipment checks.

24       50.    The Guides are paid for 90 minutes of time for equipment checks regardless
25 of the actual amount of time it takes to complete them.

26       51.    Plaintiff routinely had to spend longer than the 90 minutes he was paid for
27 when he completed the mandatory equipment checks, resulting in unpaid time resulting
28 from off the clock work.

52. In addition, the Guides are paid a flat rate for the tours they provide based on the time the tour is scheduled. They are not paid based on the actual amount of time they work when completing a tour. This routinely results in Plaintiff having to work off the clock completing a tour that lasts longer than the scheduled time for which he was compensated.

53. Plaintiff also routinely had to work for less than the minimum wage, when accounting for all the time he was required to spend actually working.

54. Pink Jeep does not notify the Guides that they are using a tip credit such that tipped earnings could be used to ensure that they are paid the minimum wage as would be required by the FLSA and Arizona Wage Statute for a company to lawfully use a tip credit. As such, Plaintiff's tips cannot be used when determining whether Plaintiff earned the minimum wage.

55. This regular practice of requiring Guides like Plaintiff to work off the clock results in them not being paid for all the time they worked, including straight time and overtime.

56. Pink Jeep engaged in the regular practice of failing to accurately record the time during which it suffered or permitted Plaintiff to work. As such, Pink Jeep's payroll records understate the duration of time that it suffered and permitted Plaintiff to work during each week of his employment.

57. Plaintiff estimates that he is required to work between at least 3 to 12 hours per week off the clock during the typical week.

58. He is paid an hourly wage for the hours actually reported on his pay stubs, which does not include the hours he is required to work off the clock.

59. When counting the numerous hours per week that he is required to work off the clock, Plaintiff's hourly wage routinely falls below the minimum wage required by the FLSA and Arizona law and results in unpaid overtime.

60. For example, Plaintiff was paid $396.25 for 17.50 hours of work time reported on his paystub for the pay period from January 16, 2023 through January 29, 2023.

However, $122 of the compensation he was paid includes tips, which cannot be counted toward the amount he earned that pay period when determining whether he made the minimum wage. In addition, Plaintiff worked at least as many as 12 hours off the clock per week during that pay period, as a result of having to be engaged to wait "on point" for significant periods of time. When accounting for the $274.25 of wages that would count toward his total compensation for purposes of the FLSA and the 41.5 hours he actually worked during that pay period, Plaintiff was only paid $6.61 per hour. Plaintiff therefore was paid less than the minimum wage required in violation of the FLSA and the Arizona Wage Statute.

61. In addition, Pink Jeep's wage practices that require Guides like Plaintiff to work off the clock result in them not being paid all the straight time and overtime they are due.

62. For example, Plaintiff's pay stubs indicate that he was paid for working 78.5 hours for the pay period from March 27, 2023 through April 9, 2023, including 15.5 hours of overtime. However, during that pay period, Plaintiff estimates that he worked at least about 3 hours per week off the clock due to having to perform compensable duties for Pink Jeep without compensation. When accounting for the hours Plaintiff was required to work off the clock, Plaintiff was denied regular wages for uncompensated hours up to 40 hours in a week plus unpaid overtime for uncompensated hours worked above forty in a workweek.

63. Pink Jeep's failure to pay wages is likely a result of its failure to maintain accurate records of its Guides' time and payroll in violation of the FLSA, including records sufficient to accurately determine the wages and hours of employment for Plaintiff and the similarly situated Guides. Pink Jeep records Plaintiff's time based on the schedule of his tours and a pre-set amount for preparation time. Pink Jeep does not account for the time that Plaintiff is actually required to perform work for the company, resulting in underpayment of wages and inaccurate timekeeping records.

64. The routine off the clock work caused the Guides' wages to fall below the minimum wage during their employment. Defendant also failed to pay them time and a half their regular rate of pay for all hours worked over forty in a workweek.

65. The examples of Plaintiff's hours worked off the clock resulting in unpaid overtime, minimum wage, and straight time are indicative of Pink Jeep's pattern and practice of denying Plaintiff and the similarly situated Guides wages they are statutorily entitled to.

66. The Arizona Wage Statute, A.R.S. §§ 23-363(A)-(B), establishes the minimum wage that employers in Arizona must pay their employees.

67. The minimum wage in Arizona is $13.85 per hour for 2023. When Pink Jeep required Plaintiff to work off the clock, it resulted in his wages falling below the minimum wage required.

68. Defendant routinely failed to pay Plaintiff and the similarly situated non-exempt Guides time and a half their regular rate of pay for the overtime they were required to work.

69. A significant part, if not all, of the unpaid wages is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

70. Defendant's policy and practice is to willfully deny its hourly, non-exempt employees employed as Guides overtime pay for hours worked beyond forty in a workweek and minimum wage they are due.

71. Defendant failed to timely pay Plaintiff and the similarly situated employees all the wages they were due. This is evident from Plaintiff's experiences and conversations with other Guides who were subject to the same unlawful pay practices that he was.

72. Pink Jeep's wage violations uniformly applied to the Guides throughout Arizona.

73. Defendant knew that it was required to timely pay Guides for all the time they work, as reflected in Pink Jeep's policies. However, Defendant failed to account for all the time Plaintiff and the Guides work when paying them their compensation that they are due.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

74. Plaintiff, on behalf of himself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

75. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. § 201, *et seq*.

76. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

77. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

78. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

79. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

80. The work was performed at Defendant's direction and/or with Defendant's knowledge.

81. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including time and a half for hours accrued beyond forty (40) hours in a workweek.

82. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

83. As a result of the willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

 a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Guides in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

 b. Designate Plaintiff Slepian as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

 c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

 d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest;

 e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as required by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

 f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

# COUNT II
# VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

84. Plaintiff, on behalf of himself and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

85. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. § 201, *et seq*.

86. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

87. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the minimum wage according to the FLSA.

88. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

89. Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Off-the-Clock Collective Action Members the minimum wage as required by the FLSA.

90. The work was performed at Defendant's direction and/or with Defendant's knowledge.

91. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members the minimum wage due.

92. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

93. As a result of the willful violations of the FLSA's minimum wage pay provisions, Defendant has unlawfully withheld the minimum wage from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including minimum

wage compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a.    Certify the claim set forth in Count II above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Guides in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b.    Designate Plaintiff Slepian as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

    c.    Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest;

    e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as required by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

94.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

### COUNT III
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

95.    Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

96. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

97. Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by A.R.S. § 23-363.

98. Defendant was an employer pursuant to A.R.S. § 23-362(B).

99. Defendant is aware that, under A.R.S. § 23-363, it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members.

100. Defendant failed to pay Plaintiff and the Arizona Class Members minimum wage due without a good faith basis for withholding wages.

101. Defendant has willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

102. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff Slepian as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest; and

  e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT IV
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)

103. Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

104. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

105. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

106. Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

107. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

108. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

109. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

  a. Certify the state law claim set forth in Count IV above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

|     |     |
| --- | --- |
| 1   | b. Designate Plaintiff Slepian as the Class Representative of the Arizona |
| 2   | Class Members and undersigned counsel as the attorneys representing the Arizona Class |
| 3   | Members; |
| 4   | c. Award Plaintiff and all similarly situated employees compensatory |
| 5   | damages and treble damages, plus costs and attorneys' fees, and all available remedies |
| 6   | pursuant to A.R.S. § 23-350 *et seq.*; |
| 7   | d. Award Plaintiff and all similarly situated employees pre-judgment and |
| 8   | post-judgment interest; and |
| 9   | e. Award Plaintiff and all similarly situated employees such other relief |
| 10  | as this Court deems fair and equitable, including injunctive relief. |

**DEMAND FOR JURY TRIAL**

110. Plaintiff hereby demands a jury trial on all claims for which he may have the right to a jury.

DATED this 7th day of June, 2023.

**YEN PILCH ROBAINA & KRESIN PLC**

*s/ Ty D. Frankel*
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014

**YEN PILCH ROBAINA & KRESIN PLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*